Nimaga v. Lynch

BIA
Videla, IJ
A099 568 266

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand sixteen.

PRESENT: RICHARD C. WESLEY,
PETER W. HALL,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

MAMADOU NIMAGA,
*Petitioner*,

v.                                                                          14-2492
                                                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent*.

_____

FOR PETITIONER:        Mamadou Nimaga, pro se, Bronx, NY.

FOR RESPONDENT:     Benjamin C. Mizer, Principal Deputy Assistant
                    Attorney General; Emily Anne Radford, Assistant
                    Director; Erica B. Miles, Senior Litigation Counsel,
                    Office of Immigration Litigation, U.S. Department of
                    Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED,

AND DECREED that the petition for review is DENIED.

Petitioner Mamadou Nimaga, who claims to be a native and citizen of the

Ivory Coast, seeks review of a June 10, 2014, decision of the BIA affirming an

April 11, 2012, decision of an Immigration Judge ("IJ"), denying his application

for asylum, withholding of removal, and relief under the Convention Against

Torture ("CAT").   *In re Mamadou Nimaga*, No. A099 568 266 (B.I.A. June 10, 2014),

*aff'g* No. A099 568 266 (Immig. Ct. N.Y. City Apr. 11, 2012).   We assume the

parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as

modified by the BIA, i.e., minus the basis for denying relief that was not

considered by the BIA (the untimely filing of the asylum application).   *Xue Hong*

*Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).   The applicable

2

standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements and other record evidence, "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). This Court "defer[s] . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Here, the agency's adverse credibility determination is supported by substantial evidence.

The agency relied, in part, on Nimaga's unresponsive and hesitant demeanor in finding him not credible, a finding to which we give deference. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006). Moreover, the adverse credibility determination is supported by numerous inconsistencies. *See id.* at 402. His explanations for those inconsistencies were not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Having questioned Nimaga's credibility, the agency reasonably

relied further on his failure to provide certain corroborating evidence to rehabilitate his testimony.

Given the demeanor, inconsistency, and lack of corroboration findings, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk